IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

    Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

    Defendant.

No. 2:13-cv-0313 TLN EFB P

ORDER GRANTING IFP, DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND DENYING MISCELLANEOUS MOTIONS

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis*, however, does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

## I.     Screening Standards

Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

## II.     Screening Order

Having reviewing plaintiff's complaint for purpose of § 1915(e)(2), the court finds that it must be dismissed with leave to amend. Plaintiff identifies CDCR as the defendant. He claims that unknown "defendants" violated various sections of the California Penal Code and asks that they be arrested and prosecuted. Additionally, plaintiff alleges that various state courts denied a

habeas petition he filed concerning alleged interference with his ability to file an administrative appeal. Plaintiff appears to allege that this "caused a deprivation of [his] constitutional and civil rights." Dckt. No. 1.

These allegations are too vague and conclusory to state a cognizable claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.*

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's complaint does neither.

Instead, plaintiff alleges that various sections of the California Penal Code were violated. Plaintiff may not pursue alleged violations of the state penal code in this action because criminal statutes, such as these, do not create private rights of action.[1] *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (criminal statutes do not give rise to civil liability); *Rezek v. City of Tustin*, No. SACV 11-01601 DOC, 2012 U.S. Dist. LEXIS 164257, (C.D. Cal. Nov. 15, 2012) (dismissing claims based on alleged violations of California Penal Code because they did not suggest that civil enforcement was available to plaintiff); *Pellum v. White House*, No. 2:13-cv-0651 AC P, 2013 U.S. Dist. LEXIS 60167 (E.D. Cal. Apr. 25, 2013) ("Claims of violation of state criminal statutes come within the province of state and county prosecutorial authorities, not that of individual citizens"); *see also See Gonzaga University v. Doe*, 536 U.S. 273, 283-84 (2002) (to demonstrate an implied right of action, plaintiff must show that the statute manifests an intent to create not just a private right but also a private remedy).

---

[1] For this reason, plaintiff's motions to criminally "indict" various individuals must also be denied. *See* Dckt. Nos. 16, 17.

Moreover, state agencies, such as CDCR, are immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Plaintiff shall not include CDCR as a defendant in any amended complaint.

////

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* (Dckt. No. 2) is granted;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order may result in this action being dismissed; and

4. Plaintiff's motions to indict (Dckt. Nos. 16, 17) are denied.

Dated: May 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE