IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

    Plaintiff,                         No. 2:13-cv-0313 TLN EFB P

    vs.

CALIFORNIA DEPARTMENT OF      ORDER
CORRECTIONS,

    Defendant.
_____/

    Plaintiff is a former state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 13, 2013, the court dismissed plaintiff's complaint with leave to amend. Dckt. No. 22. The court indicated that the allegations therein were too vague and conclusory to state a cognizable claim for relief. The court also explained that there is no statutory authority for plaintiff's motions to criminally "indict" various individuals and that the criminal statutes cited by plaintiff do not create private rights of action. *Id.* (citing *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)).

    Notwithstanding the court's earlier order plaintiff again filed numerous motions with the court, including the following: (1) a May 21, 2013 "Request for Indictment;" (2) a May 23, 2013

1

"Motion and Request to be Placed on Calendar;" (3) a May 24, 2013 "Motion and Request for Indictments;" (4) a May 28, 2013 "Memorandum" in support of request for indictments; (5) a May 30, 2013 "Motion and Request for [ ] Indictment;" (6) a May 30, 2013 "Request to be placed on Calendar;" and (7) a June 12, 2013 "Motion and Request to be Placed on Calendar."[1] He also filed several memoranda, affidavits, and letters.

Plaintiff's requests for the court to issue indictments against various individuals, including various county and court employees, are again denied. Plaintiff was previously informed that these requests falls outside the scope of the court's jurisdiction in this case. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 (1983) ("[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy."); *Rhodes v. McDonald*, No. Civ. S-10-1444 GGH P, 2010 U.S. Dist. LEXIS 120521, at *5 (E.D. Cal. Oct. 27, 2010) (same); *see also Graves v. Holder*, No. Civ. S-10-2970, 2011 U.S. Dist. LEXIS 98458, at *11-12 (E.D. Cal. Sept. 1, 2011) (plaintiff's request for court to interfere with decision-making process of the executive branch regarding whether and when to conduct a criminal investigation in neither authorized nor redressable in civil action); *Powell v. Katzenbach*, 359 F.2d 234, 123 U.S. App. D.C. 250 (D.C. Cir. 1965) ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General.").

Finally, the court notes that although plaintiff is appearing in this action pro se, he is still bound by the Federal Rules of Civil Procedure and the Local Rules of this court. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If plaintiff continues to file procedurally improper requests, such as those listed above, those requests may be disregarded. Moreover, plaintiff is admonished that his filings to date are excessive and is cautioned that continued excessive

---

[1] Plaintiff's request for a hearing on these motions is denied. *See* E.D. Cal. Local Rule 230(g) (court has discretion to submit motions upon the record and briefs on file without oral argument). Oral argument on these motions would not materially assist the court in resolving the motions.

2

motion practice may result in restrictions on his permission to file documents in this lawsuit. *See DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) ("there is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances"). At this stage in the proceedings, there is no need for plaintiff to file further pleadings other than his proposed amended complaint. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (district court has "inherent" power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Plaintiff's amended complaint remains due by July 10, 2013. Absent extraordinary circumstances, the court will not grant further requests for extensions of time to file the amended complaint.

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motions (Dckt. Nos. 25, 27, 29, 30, 32, 33, 40) are DENIED.

Dated: June 18, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE