IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE RHODES,

             Plaintiff,                    No. 2:13-cv-313-TLN-EFB P

      vs.

CALIFORNIA DEPARTMENT OF       <u>FINDINGS AND RECOMMENDATION</u>
CORRECTIONS,                      <u>TO DISMISS COMPLAINT WITHOUT LEAVE</u>
                                     <u>TO AMEND</u>
             Defendant.

_____/

      Plaintiff is a former state prisoner proceeding in forma pauperis and without counsel in

an action brought under 42 U.S.C. § 1983.  After a dismissal pursuant to 28 U.S.C. § 1915(e)(2),

plaintiff has filed an amended complaint.[1]

      In dismissing the original complaint with leave to amend, the court informed plaintiff that

although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21

(1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails

to set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see*

---

[1] Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time
if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails
to state a claim on which relief may be granted, or seeks monetary relief against an immune
defendant.

1   *also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his

2   'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a

3   cause of action's elements will not do.  Factual allegations must be enough to raise a right to

4   relief above the speculative level on the assumption that all of the complaint's allegations are

5   true."  *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

6   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

7   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

8          The court further informed plaintiff that he must allege with at least some degree of

9   particularity overt acts which defendants engaged in that support plaintiff's claim, *Jones v.*

10  *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984), and that an individual defendant

11  is not liable on a civil rights claim unless the facts establish the defendant's personal

12  involvement in the constitutional deprivation or a causal connection between the defendant's

13  wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642,

14  646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

15         In the amended complaint, plaintiff sues the California Department of Corrections, the

16  Sacramento County Police Department, the Sacramento County Public Law Library, and the

17  Organizational Enterprise known as "The Nicolaitans."  Plaintiff lists various statutes and

18  constitutional provisions under which he seeks relief.  The allegations, however, are far from

19  plausible and in some instances, incoherent.  *See* ECF No. 50 at 2 ("Summarily, it is believed

20  that these judges while attempting to call themselves 'priest' have entered into a conspiracy

21  against citizens' rights while building a slave trafficking ring, prostitution ring, drug trafficking

22  ring, child molestation ring, and child pornography ring" and " it is believed that once they made

23  a movie in admission of guilt . . . and foremost began taking advantage of children in public

24  schools inasmuch as using prophecy to rob the plaintiff and others for sound recordings;

25  thereafter the offense violated 'The Law of the Prophets'").  Like the original complaint, the

26  allegations in the amended complaint are too vague and conclusory, indeed largely

2

1    incomprehensible, to state a cognizable claim for relief.  In addition, the allegations are plainly

2    frivolous under 1915(e)(2) because they lack even "an arguable basis either in law or in fact,"

3    and appear "fanciful," "fantastic," or "delusional."  *Neitzke v. Williams*, 490 U.S. 319, 325, 328

4    (1989).  Moreover, plaintiff renews in his amended complaint his requests for the court to

5    "prosecute" or "indict" various individuals, despite the court's previous admonishment to refrain

6    from filing such improper requests.  *See* ECF No. 44.

7         For these reasons, the court finds that plaintiff's complaint must be dismissed without

8    leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit

9    case law, district courts are only required to grant leave to amend if a complaint can possibly be

10   saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see*

11   *also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant

12   leave to amend even if no request to amend the pleading was made, unless it determines that the

13   pleading could not be cured by the allegation of other facts.").

14        Accordingly, the court hereby recommends that:

15        1.  Plaintiff's amended complaint be dismissed without leave to amend, pursuant to 28

16   U.S.C. § 1915(e)(2), for failure to state a claim and as frivolous;

17        2.  All outstanding motions be denied; and

18        3.  The Clerk be directed to close the case.

19        These findings and recommendations are submitted to the United States District Judge

20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21   after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

24   /////

25   /////

26   /////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE