UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RHODES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTSIONS,<br><br>　　　　　Defendant. | No.  2:13-cv-313-TLN-EFB P<br><br><br>ORDER |

　　　　Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On September 16, 2013, the court dismissed this action for failure to state a claim and as frivolous.  ECF No. 61.  Judgment was duly entered.  ECF No. 62.  On October 10, 2013, plaintiff requested relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.  ECF No. 63.  On October 15, 2013, he requested an extension of time to file an appeal.  ECF No. 64.  On October 29, 2013, he appealed the judgment to the appellate court.  ECF No. 65.  Subsequently, the appellate court referred the matter to this court for a determination of whether plaintiff's in forma pauperis status should continue for the appeal or whether the appeal was frivolous or taken in bad faith.  ECF No. 68.  Each of these matters is addressed below.  *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (notice of appeal does not divest district court of jurisdiction where there is a pending motion for reconsideration).

1

Rule 60(a) of the Federal Rules of Civil Procedure allows the court to correct a mistake in the judgment or other part of the record arising from oversight or omission. When an appeal is pending, the mistake may only be corrected with leave from the appellate court. Here, there is no mistake in the record requiring correction. Plaintiff's request for relief from judgment pursuant to Rule 60(a) is denied.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). In addition, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4). Plaintiff's motion fails to demonstrate that he is entitled to relief from judgment.

Plaintiff has also requested an extension of time to file an appeal. ECF No. 64. That request is unnecessary, as plaintiff's notice of appeal is timely pursuant to Rules 4(a)(4)(A)(vi) and 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure.[1]

---

[1] Fed. R. App. P. 4(a)(4)(A)(vi) states that "If a party timely files in the district court [a Rule 60(b) motion for relief from judgment no later than 28 days after the judgment was entered], the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(B)(i) states that "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part,

1   Lastly, the court certifies that plaintiff's appeal of the judgment of this action is not taken
2  in good faith and is frivolous, as there are no valid grounds on which to base an appeal. Fed. R.
3  App. P. 24(a)(3)(A); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).
4  Accordingly, plaintiff's IFP status should not continue on appeal.
5   Accordingly, IT IS HEREBY ORDERED that:
6   1. Plaintiff's October 10, 2013 motion for relief from judgment (ECF No. 63) is denied.
7   2. Plaintiff's October 15, 2013 request for an extension of time to file an appeal (ECF
8    No. 64) is denied as unnecessary.
9   3. Plaintiff's IFP status should not continue on appeal.
10  4. The Clerk is directed to serve a copy of this order on the U.S. Court of Appeals for the
11    Ninth Circuit.
12 DATED: November 19, 2013

_____
Troy L. Nunley
United States District Judge

---

28 when the order disposing of the last such remaining motion is entered."